By the Court: It is so ordered.

All the Justices concurring.

---

### ED. J. McMULLEN *et al.* v. WM. GEDDES CARSON.

1. TRIAL — *Directing a Verdict.* In the trial of a case by the court and a jury, the parties have the right to submit all questions of fact to the jury, and where there is evidence which fairly tends to establish the allegations of the defendant's answer, it is error for the trial court to direct a verdict for the plaintiff.

2. BILL OF SALE — *Warranty — Parol Evidence.* Where a bill of sale has been given which contains a warranty of title, all oral statements made previous to the giving of such bill of sale concerning the transaction are inadmissible, the presumption of law being that the written instrument contained the entire contract, unless fraud is shown.

*Error from Cowley District Court.*

THE facts are stated in the opinion.

*J. F. McMullen,* for plaintiffs in error.
*W. E. White,* for defendant in error.

Opinion by GREEN, C.: This was an action to recover damages for the failure of title to a traction engine alleged to have been purchased by Wm. Geddes Carson from Ed. J. McMullen and John A. Smith, as partners, doing business under the name of Ed. J. McMullen & Co. The facts in relation to the transaction may be briefly stated, as follows: A chattel-mortgage sale of the engine in question was advertised to take place at Oxford, in Sumner county, on the 13th day of December, 1887, under a mortgage held by the Oxford Bank. The plaintiff below arrived at Oxford just after the property had been sold to John A. Smith, for the plaintiffs in error, who held a chattel mortgage given subsequently to that of the Oxford Bank upon the same property. Smith gave J. L. Bowdish, the representative of the bank, a check for $56.89, being the amount due the bank on its claim. Negotiations were then commenced between Carson, Smith, and Bowdish, looking to the sale of the engine to the first-named party. This was consummated by Carson agreeing to pay the sum of $275 for the engine, that sum being the amount McMullen & Co. had invested in the property. Before the transaction was completed, Smith left Oxford for Winfield, leaving Bowdish to complete the business. Carson paid $200 in cash and gave his note to the order of J. L. Bowdish for $75, and it seems that it was then understood that McMullen & Co. were to assign to Carson their note and chattel mortgage which covered this and other property. Carson demanded a bill of sale of the engine, and being unacquainted with McMullen & Co., asked for one of the bank, which was given, for $56.89. The cash payment and note were transmitted to McMullen & Co. at Winfield, the same day; and soon after they assigned to

Carson their chattel mortgage and sent a copy of the same, duly assigned, to Bowdish, at Oxford, who delivered it to Carson. On the 27th day of June, 1888, a prior mortgagee commenced an action in replevin against Carson to recover the engine. As soon as summons was served upon him, he notified Bowdish and the Oxford Bank of the suit, and it seems they promised to defend the same, but did not; and a judgment was recovered by default against Carson, and an order was issued upon such judgment to the sheriff of Cowley county, who made return that he had taken possession of the engine and delivered same to the plaintiff in the replevin action, and collected the costs from the defendant.

This action was commenced originally against the Oxford Bank, J. L. Bowdish, and the plaintiffs in error. Carson alleged in his petition the purchase of the engine, the failure of title, and the judgment of the prior mortgagee, and asked for a judgment against the defendants for the purchase-money and the amount paid for repairs while the engine was in his possession. McMullen & Co. answered that they sold to Carson the chattel mortgage and debt thereby secured, and not the engine. The bank answered, admitting the execution of the bill of sale, and alleged that it had paid the costs in the replevin suit; that the consideration received by it was $56.89, and pleaded a tender of the same before the suit was commenced. The case was tried by the court and a jury. McMullen & Co. objected to the introduction of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action. They also interposed a demurrer to the evidence. At the conclusion of all the evidence, the court instructed the jury to return a verdict in favor of the plaintiff and against McMullen & Co. for $275 and interest; and upon his own motion dismissed the action without prejudice as to the other defendants. The plaintiffs in error bring the case to this court for review.

We think the court erred in directing the jury to return a verdict against the plaintiffs in error. The plaintiff alleged in his petition that the defendants sold him an Eclipse trac-

tion engine. The defendants, McMullen & Co., denied the sale, so far as they were concerned, and alleged that they sold to the plaintiff a certain note and mortgage given by a party named Andrews, in which the engine in question was included, with other personal property. The pleadings fairly raised an issue of fact to be tried by the jury, and there was some evidence to support the allegations of the petition and answer, and the court should have submitted such facts to the jury, under proper instructions.

The rule has been firmly settled by this court, that the trial court cannot direct a verdict from the jury if the evidence fairly tends to establish the plaintiff's cause of action or the defense of the defendant, but must leave the weight and credit of the testimony with the jury. (See *Sullivan v. Phenix Ins. Co.*, 34 Kas. 170, and authorities there cited.)

It is claimed that the court erred in receiving parol evidence in regard to the sale, because the contract was expressed in writing. This is the correct rule, and has long since been determined by this court, and requires no further elucidation. (*Abeles v. Cochran*, 22 Kas. 412; *Rogers v. Perrault*, 41 id. 385.)

In the case of *Willard v. Ostrander*, 46 Kas. 591, we said that where it was disclosed that a bill of sale had been given, the oral evidence in relation to the terms of the contract should have been excluded, and the defendant should not have been permitted to establish the representations and statements made previous to the execution of such bill of sale, the presumption of law being that the written instrument contained the whole contract, and should govern, unless there was fraud shown.

It is recommended that the judgment of the district court be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.